UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

HERMAN CARLEE McMILLIAN

          Plaintiff,

   -against-

JAY VICKERS DEWELL, M.D.;
ALICE HYDE MEDICAL CENTER,

          Defendants.

------------------------------X

**ORDER**
06-CV-0327 (JG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 6 2006 ★
BROOKLYN OFFICE

JOHN GLEESON, United States District Judge:

      By order dated May 20, 2005, I prohibited plaintiff from filing any future *in forma pauperis* complaints in this Court without first obtaining leave. McMillian v. Johnson, et al., No. 05-CV-1562, slip op. at 2 (E.D.N.Y. May 20, 2005). On January 17, 2006, plaintiff, currently incarcerated at Elmira Correctional Facility, requested leave to file the instant complaint pursuant to 42 U.S.C. § 1983,[1] alleging medical claims arising from treatment he received at the Alice Hyde Medical Center in Malone, New York. Plaintiff's motion for leave to file is granted; however, the instant action is transferred to the United States District Court for the Northern District of New York for the reasons set forth below.

      Under 28 U.S.C. § 1391(b), a § 1983 action may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that

---

[1] Plaintiff has filed the following: (1) Notice of Motion to Demonstrate Imminent Danger of Physical Injury; (2) Affidavit/Affirmation in Support of Notice of Motion; (3) Civil Rights Complaint pursuant to 42 U.S.C. § 1983; and (4) Stipulated Consolidated Complaint and Order. The Court construes plaintiff's submissions collectively as a request for leave to file a civil rights complaint.

is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since plaintiff complains of conduct arising from medical treatment he received in Malone, New York (Franklin County), which is located in the Northern District of New York, 28 U.S.C. § 112(a), the Eastern District of New York is an inappropriate venue for this action. 28 U.S.C. § 1391(b). As the Northern District is the more appropriate venue, this case is hereby transferred to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1391(b), 1406(a).

The Clerk of this Court is directed to transfer this case to the United States District Court for the Northern District of New York. A ruling on plaintiff's application to proceed *in forma pauperis* and enforcement of the Prison Litigation Reform Act is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five day delay is waived.

s/John Gleeson
_____
JOHN GLEESON, U.S.D.J.

Dated: Jan. 30, 2006
Brooklyn, New York